UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| INTERMAX TOWERS, LLC,<br><br>                    Plaintiff,<br><br>          v.<br><br>ADA COUNTY, IDAHO; BOARD OF ADA COUNTY COMMISSIONERS; AND TOM DAYLEY, ROD BECK, and RYAN DAVIDSON, each in his official capacity as a Commissioner on the Board of Ada County Commissioners,<br><br>                    Defendants. | Case No. 1:23-cv-00127-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

## I.   INTRODUCTION

Pending before the Court is the Motion to Intervene or Participate as Amicus Curiae of Brad Bentley, Steve Barbey, Hank Allen, Heartland Ranch Homeowners Association, and Good Life Farms LLC's ("Proposed Intervenors"). (Dkt. 23). The Proposed Intervenors seek to intervene as a matter of right, or alternatively, permissively, under Rule 24 of the Federal Rules of Civil Procedure. Intermax opposes the motion. (Dkt. 26). Meanwhile, Defendants Ada County, Idaho; Board of Ada County Commissioners, Tom Dayley, Rod Beck, and Ryan Davidson (collectively, "the County") do not oppose the motion.

Having reviewed the record and the parties' submissions, the Court finds that the facts and legal argument are adequately presented and that oral argument would not significantly aid its decision-making process, and it decides the motion on the record. Dist. Idaho Loc. Civ.

**MEMORANDUM DECISION AND ORDER - 1**

R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). For the reasons discussed, the Court denies the motion.

## II. BACKGROUND

Plaintiff Intermax Towers, LLC, is a wireless tower developer. In October 2021, it applied for a conditional use permit to build a wireless communications tower in Ada County in the form of a 100-foot monopole tower to be used by national wireless providers, most notably Verizon Wireless, for providing personal wireless services. In considering Intermax's application, the Ada County Planning & Zoning Commission held a hearing. At this hearing, local residents, including the Proposed Intervenors, submitted comments via email and presented argument in person. The Proposed Intervenors' presentation included, for example, testimony and evidence concerning the proposed cell tower's impact on nearby property values, its obstruction of views and other aesthetic concerns, and data regarding possible effects of radiofrequency emissions from the site. After the hearing, the Commission voted to approve Intermax's application and issue the permit.

That decision was appealed. On appeal, the Commission and the Board of Ada County Commissioners held several additional hearings. Outside consultants, including a third-party radio frequency engineer hired by the County, Intermax, and the Proposed Intervenors presented evidence and argument before the Commission and the Board. After the final hearing, the Board voted to reverse the Commission's approval of Intermax's application. Intermax submitted a request for reconsideration, and the Board voted to deny that request. On February 28, 2023, the County denied Intermax's application as its final action.

On March 29, 2023, Intermax filed this action. In its complaint, Intermax alleges the County's denial violates the Telecommunications Act of 1996 (TCA) because the denial has the

unlawful effect of prohibiting the provision of personal wireless services and was not based on substantial evidence. *See* 47 U.S.C. § 332(c)(7)(B)(i)(II) (making effective prohibition unlawful); § 332(c)(7)(B)(iii) (requiring substantial evidence). Intermax seeks a declaratory order that the County violated the TCA and injunctive relief mandating the issuance of a conditional use permit allowing Intermax to construct its proposed facility.

After Intermax filed its complaint, the County filed a motion to dismiss, which the Court denied on January 11, 2024. (Dkt. 17). Thereafter, the County answered the complaint on January 31. (Dkt. 19). On February 28, the Court issued a scheduling order, setting a May 3 deadline for filing dispositive motions. (Dkt. 22). On February 29, after the Court issued its scheduling order, the Proposed Intervenors filed this motion to intervene approximately eleven months after Intermax filed its action against the County. Then, Intermax filed a motion for summary judgment on May 3. (Dkt. 30). The parties have not yet fully briefed that motion; rather, the County's response brief is not due until May 24.

### III.  LEGAL STANDARD

The Federal Rules of Civil Procedure permit a party to intervene as of right under Rule 24(a) and permissively under Rule 24(b). *Cooper v. Newsom*, 13 F.4th 857, 864 (9th Cir. 2021). The Ninth Circuit has distilled this provision into a four-part test: (1) the application for intervention must be timely; (2) the applicant must have a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit. *Animal Legal Def. Fund v. Otter*, 300 F.R.D.

461, 464 (D. Idaho 2014) (citing *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001)).

"In evaluating whether these requirements are met, courts are guided primarily by practical and equitable considerations." *Callahan v. Brookdale Senior Living Cmty., Inc.*, 42 F.4th 1013, 1020 (9th Cir. June 29, 2022) (internal quotation marks and citation omitted). Although courts construe Rule 24(a) broadly in favor of proposed intervenors, *id.*, an applicant seeking intervention bears the burden of proving that these requirements are met. *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011). "Failure to satisfy any one of the requirements is fatal to the application." *Perry v. Prop. 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

By contrast, permissive intervention under Rule 24(b) requires only that the proposed intervener have a question of law or fact in common with the underlying action; the request be timely made; and the court have an independent basis for jurisdiction over the proposed intervener's claims. Fed. R. Civ. P. 24(b). When ruling on a motion for permissive intervention under Rule 24(b), a district court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 741 (9th Cir. 2011) (quoting Fed. R. Civ. P. 24(b)). "Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." *Cooper*, 13 F.4th at 868 (quoting *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998)).

## IV.  ANALYSIS

### A.    Timeliness

Intermax argues the Court must deny the Proposed Intervenors' motion to intervene as untimely. Timeliness is the "threshold requirement for intervention." *Kalbers v. United States*

*Dep't of Justice*, 22 F.4th 816, 822 (9th Cir. 2021). "Timeliness hinges on three subfactors: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Id.* (internal quotations omitted). The Court assesses the three factors "by reference to the crucial date when proposed intervenors should have been aware that their interests would not be adequately protected by the existing parties." *Id.*

Under § 332(c)(7)(B)(v), the Court must hear and decide Intermax's claims on an "expedited" basis. For this reason, once the Court denied the County's motion to dismiss, it promptly issued a scheduling order, setting the dispositive motion deadline for only two months later per the parties' stipulation. (Dkt. 22). The parties also quickly developed and filed their discovery plan, limiting the scope of discovery to the administrative record. (Dkt. 20). The Proposed Intervenors, however, waited to file their motion to intervene until nearly eleven months after Intermax filed this action. By the time the Proposed Intervenors' motion was ripe on April 4, 2024, the parties had completed discovery and the summary judgment deadline was only a month away. Now, the dispositive motion deadline has passed, and the parties' briefing on the motion is nearly complete. Under these circumstances, the Court finds the Proposed Intervenors did not timely move to intervene. *See, e.g.*, S*tupak-Thrall v. Glickman*, 226 F.3d 467, 474 n.8 (6th Cir. 2000) (recognizing that a case's expedited track is relevant to timeliness analysis)).

**B.    Intervention as of Right**

Even assuming the Proposed Intervenors' motion to intervene were timely filed, they have failed to meet their burden of showing the County will not adequately represent their interests. The Proposed Intervenors and the County—a government entity—share the same "ultimate objective" of defending the decision to deny Intermax's application. *See, e.g.*, *Prete v. Bradbury*, 438 F.3d 949, 957 (9th Cir. 2006) ("Here, the ultimate objective for both defendant and intervenor-defendants is upholding the validity of Measure 26."). For this reason, "a presumption of adequacy

of representation applies," which the Proposed Intervenors must overcome with a "compelling showing" to the contrary. *Perry*, 587 F.3d at 951 (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)); *New Cingular Wireless PCS, LLC v. Kootenai Cnty., Idaho*, No. 2:23-CV-00124-AKB, 2023 WL 7283153, at *4 (D. Idaho Nov. 2, 2023) (ruling county defendant and proposed intervenors shared same "ultimate objective" of defending decision denying application to construct and operate a wireless tower and requiring very compelling showing to rebut presumption of adequate representation).

The Proposed Intervenors have failed to meet this heightened burden. They offer "two bases to overcome the presumption of adequacy." (Dkt. 23-1 at 10). First, they argue the County's arguments will focus on rebutting Intermax's position that the County erred in denying its application by relying on "an improper standard" rather than focusing on the Proposed Intervenors' "unique and personal interests, namely, interference with individual property rights, the impacts of the cell tower on nearby property values, substantial obstruction of views and other legitimate aesthetic concerns, drive test data, dropped call data, and other meaningful evidence and testimony." (*Id.*). This purported divergence of interests, however, amounts to nothing more than a mere difference in litigation strategy, which "is not a compelling showing that overcomes the presumption of adequate representation." *Animal Legal Def. Fund*, 300 F.R.D. at 465; *see also Perry*, 587 F.3d at 954 (explaining "mere differences in litigation strategy are not enough to justify intervention as a matter of right"). "The presumption of adequacy thus remains intact." *New Cingular Wireless*, 2023 WL 7283153, at *5 (brackets omitted) (quoting *Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*, 960 F.3d 603, 620 (9th Cir. 2020)).

Further, the Proposed Intervenors have already had an opportunity to voice their "unique and personal interests" during the application process, and the administrative record, on which the

**MEMORANDUM DECISION AND ORDER - 6**

Court will decide this case, already captures their interests and concerns. In fact, the Court cannot review materials outside the administrative record in determining whether substantial evidence supports the County's denial under § 332(c)(7)(B)(iii). The parties will not have an opportunity to present new or additional evidence. *AT&T Wireless Servs. of California LLC v. City of Carlsbad*, 308 F. Supp. 2d 1148, 1159 (S.D. Cal. 2003) (explaining "the court may not consider evidence outside the administrative record"). Similarly, the County may only rely on its reasons articulated in its written denial; post-hoc rationales cannot serve as substantial evidence. *See id.* Thus, the Proposed Intervenors' intervention in this matter would not and could not result in the presentation of any new evidence or arguments relating to their "unique and personal interests." Likewise, the Proposed Intervenors' "drive test" data, which is relevant to Intermax's effective prohibition claim, is also already in the administrative record, and the Court can consider that evidence without the Proposed Intervenors' intervening.

The Proposed Intervenors' second asserted basis for overcoming the presumption of adequacy is also unavailing. They speculate that the County might settle the dispute with Intermax "at any time" and that a settlement could result in the approval of Intermax's application. (Dkt. 23-1 at 10). The Proposed Intervenors, however, offer no evidence the County intends to settle this matter. Contrary to their suggestion, the record indicates the County is and intends to mount a vigorous defense of its denial of Intermax's application. For example, the County moved to dismiss Intermax's complaint, denied all its allegations, and intends to oppose its summary judgment motion, as indicated by the County's request to file an overlength response brief. Based on this record, the Proposed Intervenor's assertion that the County *might* settle the case is not sufficient to overcome the presumption of adequacy. *See Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 842 (9th Cir. 2011) (concluding "mere possibility" that federal defendants might

decline to appeal is insufficient to rebut presumption of adequate representation); *see also Prete*, 438 F.3d at 957 (citing *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1307 (9th Cir. 1997)) (explaining that putative intervenors' assertion its interests might diverge from defendants at some "unspecified time in the future" was "purely speculative" and did not "justify intervention as a full-fledged party"). Because the Proposed Intervenors have failed to satisfy at least two of the requirements for establishing intervention as a matter of right, the Court denies their motion to intervene under Rule 24(a).

## C.    Permissive Intervention

Rule 24(b) provides that "on timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Id.* When a proposed intervenor has met those requirements, "[t]he court may also consider other factors in the exercise of its discretion, including the nature and extent of the intervenors' interest and whether the intervenors interests are adequately represented by other parties." *Perry*, 587 F.3d at 955 (citation and internal quotation marks omitted).

Here, permissive intervention is not warranted. As discussed, the County will adequately represent the Proposed Intervenors' interests. *Los Angeles SMSA Ltd. P'ship v. City of Los Angeles, California*, No. LACV1604954JAKSKX, 2019 WL 4570012, at *9 (C.D. Cal. July 31, 2019), *aff'd in part, appeal dismissed in part*, 817 F. App'x 350 (9th Cir. 2020) (citing *United States ex rel. Richards v. De Leon Guerro*, 4 F.3d 749, 756 (9th Cir. 1993) (affirming denial of permissive intervention where the party on the side of the intervenors was an adequate representative)). Further, the Proposed Intervenors' participation would likely result in a delay of the proceedings. As noted, the parties have agreed to an expedited track; the dispositive motion deadline has already

passed; and Intermax has filed a summary judgment motion. *New Cingular Wireless*, 2023 WL 7283153, at *6 (denying permissive intervention) (citing *Stupak-Thrall*, 226 F.3d at 474 n.8). If the Proposed Intervenors were allowed to intervene now, the Court would have to extend the deadline for responding to Intermax's summary judgment, further delaying this case. Because the County will adequately represent Proposed Intervenors' interests and the Proposed Intervenors' participation in this matter would likely cause a delay, the Court denies the Proposed Intervenors' request for permissive intervention.

**D.   Participation as Amicus Curiae**

For similar reasons, the Court denies the Proposed Intervenors' request to file an amicus brief. "The classic role of amicus curiae is to assist a court in a case of public interest by supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." *Cody v. Ring LLC*, No. 23-CV-00562-AMO, 2024 WL 735667, at *8 (N.D. Cal. Feb. 22, 2024) (internal quotation marks omitted) (quoting *Miller-Wohl Co. v. Comm'r of Labor & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982)). Whether to allow the filing of an amicus brief "is solely within the Court's discretion." *California by & through Becerra v. United States Dep't of the Interior*, 381 F. Supp. 3d 1153, 1164 (N.D. Cal. 2019) (*Becerra*) (citation and internal quotation marks omitted). "The salient question is whether such brief is helpful to the Court." *Id.* In this case, the Court believes the County and the administrative record are adequate to resolve the case and denies the Proposed Intervenors' request to file an amicus brief.

## V.  ORDER

**IT IS ORDERED** that the Motion to Intervene or Participate as Amicus Curiae (Dkt. 23) of Brad Bentley, Steve Barbey, Hank Allen, Heartland Ranch Homeowners Association, and Good Life Farms, LLC, is **DENIED.**

DATED: May 17, 2024

*Amanda K. Brailsford*

Amanda K. Brailsford
U.S. District Court Judge